JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 29 1987

PATRICIA D. ......
CLERK OF THE PANEL

DOCKET NO. 739

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MATTHEWS & WRIGHT, INC., MUNICIPAL BONDS SECURITIES LITIGATION

TRANSFER ORDER*

This litigation consists of three actions pending in two districts as follows: two actions in the Eastern District of Pennsylvania and one action in the District of Arizona. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by plaintiffs in the two Pennsylvania actions seeking transfer of the Arizona action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the Pennsylvania actions pending there. Presently, all responding parties either support or do not oppose the motion.

On the basis of the papers filed,[1] the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions contain allegations of violations of federal securities and racketeering laws committed by Matthews & Wright, Inc., bond counsel, trustee banks and others in connection with the sale to the public of supposedly tax-exempt municipal bonds. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to overlapping class certifications sought in the three actions), and conserve the resources of the parties, their counsel and the judiciary.

While neither of the two forums in which constituent actions are pending can be described as the nexus for this litigation, we are persuaded that the Eastern District of Pennsylvania is the preferable transferee forum. We note that: 1) two of the three actions are pending there; 2) all responding parties support or do not object to selection of the Pennsylvania district as transferee forum; and 3) parties have represented that a related grand jury investigation is

---

\* Judges Robert H. Schnacke and Fred Daugherty took no part in the decision of this matter.

[1] The parties to this matter waived oral argument and, accordingly, the question of transfer under Section 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

-2-

under way in Philadelphia -- centralization there would thus facilitate coordination between the private actions and related Government proceedings occurring there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the District of Arizona be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Daniel H. Huyett, 3rd, for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-739 -- In re Matthews & Wright, Inc., Municipal Bonds Securities Litigation

### District of Arizona

Victorie S. Patterson v. Commercial Bank of the Americas, et al. (formerly, Victorie S. Patterson v. United Bank of Arizona, et al.), C.A. No. 87-1152-PHX-CAM

### Eastern District of Pennsylvania

A. M. Zlotnick v. Commercial Bank of the Americas, et al., C.A. No. 87-3759

Florence Hitzig v. Matthews & Wright, Inc., et al., C.A. No. 87-4750